UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS JACKSON,<br><br>                Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. EDCV 19-01576-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On August 21, 2019, Dallas Jackson ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on December 11, 2019. (Dkt. 14.) On February 18, 2020, the parties filed a Joint Stipulation ("JS"). (Dkt. 16.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 55 year-old female who applied for Supplemental Security Income benefits on July 15, 2015, alleging disability beginning June 15, 2011. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 15, 2015, the application date. (AR 16.)

Plaintiff's claim was denied initially on December 23, 2015, and on reconsideration on February 9, 2016. (AR 15.) Plaintiff filed a timely request for hearing on March 23, 2016. (AR 15.) On July 27, 2018, the Administrative Law Judge ("ALJ") Deborah J. Van Vleck held a video hearing from Albuquerque, New Mexico. (AR 15.) Plaintiff appeared and testified in Moreno Valley, California, and was represented by counsel. (AR 15.) Vocational expert ("VE") Alan Boroskin also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on September 18, 2018. (AR 15-25.) The Appeals Council denied review on June 21, 2019. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ has properly considered the relevant medical evidence of record in this case in her assessment of Plaintiff's residual functional capacity.
2. Whether the ALJ has properly considered Plaintiff's subjective statements of record and testimony under oath regarding her symptoms and limitations in assessing Plaintiff's residual functional capacity.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

3

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since July 15, 2015, the application date. (AR 16.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: bipolar disorder and history of polysubstance abuse. (AR 16.)

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 16-19.)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> Claimant can occasionally climb ramps and stairs. Claimant can never climb ladders, ropes, or scaffolds. Claimant can never work in the presence of unprotected heights or hazardous machinery. Claimant can perform simple and routine tasks. Claimant can use judgment required for that type of work, and can deal with changes in the work setting that is required for simple work. Claimant can never work with the public and have no more than occasional interaction with supervisors and co-workers.

(AR 19-24.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 21.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 24.) The ALJ, however, also found at step five that, considering Claimant's age, education and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of kitchen helper, packer and assembler. (AR 24-25.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 25.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence. The ALJ properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC is supported by substantial evidence.

///
///
///

## I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

### A. The ALJ Properly Considered The Medical Evidence

Plaintiff contends that the ALJ failed to properly consider the medical evidence in assessing Plaintiff's RFC. The Court disagrees.

#### 1. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495

6

F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

2. Analysis

Plaintiff alleges she cannot work due to her bipolar disorder. (AR 20.) She says she has trouble concentrating, memory problems, paranoia, and hallucinations. (AR 20.) She alleges that she has ongoing psychotic symptoms, side effects of prescriptive medications, and fatigue. (AR 20, JS 5:12-14.) The ALJ did find that Plaintiff has the medically determinable severe impairments of bipolar disorder and history of polysubstance abuse. (AR 16.) Notwithstanding these impairments, the ALJ assessed Plaintiff with a RFC for unlimited exertional work but with non-exertional limitations. (AR 19.) These include simple and routine tasks, can never work with the public and only occasionally interact with supervisors and co-workers. (AR 19.) Consequently, the ALJ concluded that Plaintiff was not disabled from the application date of July 15, 2015, through the date of decision on September 18, 2018. (AR 25.)

The ALJ's RFC is supported by the November 22, 2015 consulting psychiatric report of Dr. Seniora Matthews. (AR 22, 23, 282-287.) Plaintiff reported she has been sober for two years. (AR 22.) Her Abilify medication has helped with sleep, paranoia, hallucinations, anxiety,

and delusions. (AR 22.) She denied auditory or visual hallucinations, paranoia, or delusions. (AR 22.) She reported only one psychiatric hospitalization for 24 hours about four years before. (AR 22.) She manages her own money, drives a moped, and lives in her own apartment. (AR 22.) Dr. Matthews opined that Plaintiff had only mild limitations in carrying out simple and detailed instructions, interacting with the public, co-workers and supervisors, maintaining concentration, and in performing activities of daily living. (AR 23, 286.) The ALJ found that Dr. Matthews' examination demonstrates that Plaintiff is more functional than alleged. (AR 22.)

The ALJ's RFC also is supported by the opinions of two State agency reviewing physicians Dr. C. W. Yang and Dr. Janet Anguas-Keiter in December 2015 and February 2016, respectively. (AR 23, 80-81, 89-90.) Both opined that Plaintiff has the ability to carry out simple repetitive work instructions on a consistent and persistent pace in a regular workday or workweek, and is able to interact appropriately with others. (AR 23.)

There is no medical opinion in the record contradicting the opinions of Dr. Matthews, Dr. Yang and Dr. Anguas-Keiter. The ALJ gave partial weight to these opinions, noting that the limitation to simple repetitive work is supported by the record. (AR 23.) The ALJ, however, believed that Plaintiff had additional mental limitations, including her inability to work with the public and with supervisors and co-workers on a more than occasional basis. (AR 23.)

The record also demonstrates that, although Plaintiff has continuing mental symptoms, she reported decreasing symptoms with medication and therapy. (AR 18, 20, 21, 22, 23.) The ALJ found that Plaintiff had improved to a point where she possesses the assessed RFC. (AR 22.)

Plaintiff argues that the ALJ failed to consider ongoing psychotic symptoms, side effects of prescriptive medications, and fatigue. (JS at 6.) The psychotic symptoms include delusions, visual auditory hallucinations, decreased concentration, and decreased memory. (JS at 5.) The ALJ, however, did consider these symptoms, which is why the ALJ assessed greater limitations than assessed by Dr. Matthews and the State agency reviewing physicians. The ALJ also accommodated Plaintiff's allegations of fatigue and potential side effects from

medications in the postural and environmental limitations included in the RFC. (AR 21.) The ALJ also observed that Plaintiff's description of auditory hallucinations, visual hallucinations, and delusions is not supported by the mental health notes. (AR 22.)

Plaintiff simply disagrees with the ALJ's evaluation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d at 853, 857 (9th Cir. 2001); Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ properly considered the medical evidence in formulating Plaintiff's RFC.

### B. The ALJ Properly Discounted Plaintiff's Subjective Symptom Allegations

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees.

#### 1. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a

9

claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### 2. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 21.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (AR 21.) Because the ALJ did not make any finding of malingering, she was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations are inconsistent with the objective medical evidence. (AR 21.) Dr. Matthews found Plaintiff had only mild limitations, which the ALJ found to demonstrate Plaintiff was more functional than alleged. (AR 23, 22.) Plaintiff told Dr. Matthews that she only had one psychiatric hospitalization four years earlier. (AR 22.) Dr. Matthews and the State agency reviewing physicians opined that Plaintiff can perform simple repetitive instructions. No other medical source contradicted these opinions. The ALJ found that Plaintiff's description of her auditory and visual hallucinations and delusions are not supported by the mental health notes. (AR 22.)

Second, the ALJ found improvement of Plaintiff's symptoms through medication and therapy. (AR 18, 20, 21, 22, 23.) Impairments that can be effectively controlled with medication are not disabling. Warre v. Comm'r, 439 F.3d 1001, 1006 (9th Cir. 2006). Here, Plaintiff experienced improvement in her memory (AR 18) and concentration (AR 18). Her symptoms improved to the point that she possesses the RFC to perform simple repetitive instructions.

Third, the ALJ found that Plaintiff's daily activities demonstrate that she is more functional than alleged. (AR 18.) Daily activities inconsistent with disabling limitations is a legitimate consideration in evaluating subjective symptom allegations. Bunnell, 947 F.2d at 345-46. Here, Plaintiff has no difficulty with personal care, is able to take care of her dog, is able to clean and do laundry, and can pay her bills and count change. (AR 18.) She shops for groceries and drives short distances. (AR 18.) She participates in group activities such as hiking. (AR 18.) She is able to live on her own, do chores, prepare meals, and tend to her personal needs. (AR 18.) She told Dr. Matthews she manages her money, drives a moped, and lives in her own apartment. (AR 22.) Dr. Matthews opined that Plaintiff's activities of daily living are only mildly limited. (AR 23.) Plaintiff contends that these activities do not mean she can work a full-time job, but inconsistent daily activities do prove that her alleged symptoms are not as severe as alleged. See Valentine v. Comm'r, 547 F.3d 685, 694 (9th Cir. 2009).

Plaintiff disagrees with the ALJ's assessment of the evidence regarding Plaintiff's subjective symptom allegations, but again it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: May 27, 2020

                                          */s/ John E. McDermott*
                                        JOHN E. MCDERMOTT
                                UNITED STATES MAGISTRATE JUDGE